David J. Harter (No. 162426)
Law Offices of David J. Harter
A Professional Corporation
13681 Newport Ave., Suite 8-608
Tustin, CA 92780
(714) 731-2550
(714) 731-2595 fax
djh@djh-law.com

Attorney for Signal
Restoration West, LLC

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA FRESNO
FRESNO DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> ) <br> ) <br> ALICE D. WILLIAMS ) <br> ) <br> ) <br>        Debtor. ) <br> ) <br>_____) <br> <br> SIGNAL RESTORATION WEST, LLC, <br> <br>    Plaintiff, <br> <br> v. <br> <br> ALICE D. WILLIAMS, <br> <br>    Defendant. <br>_____ | Case No.: 15-13971 <br> Chapter 7 <br> DC No. DJH-001 <br> <br> <br> <br> <br> <br> <br> <br> Adv. Pro. No. 16- |

**SIGNAL RESTORATION WEST, LLC'S
COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT AND
<u>OBJECTION TO DISCHARGE</u>**

3335304.v1

Signal Restoration West, LLC ("Signal" or "Plaintiff") files this Complaint to Determine Dischargeability of a Debt and Objection to Discharge against Defendant Alice D. Williams ("Debtor"), and in support thereof states as follows:

## THE PARTIES

1. Signal is a limited liability company organized under the laws of the State of California, with its principal place of business in Garden Grove, California.

2. The Debtor, Alice D. Williams, is the debtor in the above-referenced chapter 7 bankruptcy case.

## JURISDICTION & VENUE

3. This adversary proceeding seeks a determination that the Debtor is not entitled to a discharge of certain debts owed to Signal pursuant to 11 U.S.C. §523.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

5. This adversary proceeding is a core proceeding as defined by 28 U.S.C. §§ 157(b)(2)(H), (I) and (J).

## FACTUAL BACKGROUND

6. Signal entered into a contract (the "Contract") with the Debtor whereby Signal agreed to provide work, including materials and equipment (the "Project"), for repairs at the Debtor's home (the "Property"). A copy of the Contract is in the possession of the Debtor.

7. Pursuant to the terms of the Contract, the insurance policy proceeds in the amount owed to Signal were assigned and to be paid directly to Signal (the "Assignment"). A copy of the Assignment is in the possession of the Debtor.

8. Debtor filed an insurance claim and received $39,368.09 in insurance policy proceeds for repairing the Property (the "Insurance Proceeds").

9. Pursuant to the Assignment, Signal was to receive the entire Insurance Proceeds.

10. However, Debtor failed to pay Signal any of the Insurance Proceeds and otherwise retained or spent the Insurance Proceeds provided to her by her insurer.

11. On July 7, 2014, Signal initiated in an action in California state court against the Debtor to recover the Insurance Proceeds (the "State Court Case").

12. Shortly before trial in the State Court Case, on July 6, 2015, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in Case No. 15-12703 (the "Chapter 13 Case").

13. On August 5, 2015, Signal attended the Meeting of Creditors held at the Bankruptcy Court in Fresno, California. During the Meeting of Creditors, Signal questioned the Debtor about, among other things, her Schedules and Statement of Financial Affairs along with the status of the Insurance Proceeds. The Debtor could not answer a number of questions asked of her by Signal nor could she answer a number of questions from the Chapter 13 Trustee. Upon information and belief, Signal questioned the Debtor's identification in her Schedules of $40,000.00 cash on hand and her claimed exemption of $26,425.00 of that cash with the remaining $13,575.00 funding her Chapter 13 Plan.

14. Upon information and belief, the Debtor converted the Insurance Proceeds by claiming the funds as a wildcard exemption and using the remainder to fund her Chapter 13 Plan in an effort to hinder and delay Signal's ongoing collection efforts against the Debtor in the State Court Case.

15. On August 11, 2015, the Chapter 13 Trustee objected to the confirmation of the Debtor's Chapter 13 plan. [DN 17]. Simultaneously, the Chapter 13 Trustee also moved to convert the Chapter 13 Case to a Chapter 7. [DN 21].

16. On August 12, 2015, the Debtor moved to dismiss the Chapter 13 Case. [DN 29].

17. On August 13, 2015, the Court granted the Debtor's motion to dismiss the Chapter 13 Case. [DN 33]. Accordingly, collection efforts by Signal against the Debtor resumed in California state court.

18. Upon dismissal of the Debtor's Chapter 13 case, Signal immediately resumed collection efforts in the State Court Case, including the refilling of its prior Motion for Summary Judgment.

19. On October 9, 2015, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

20. Notably, in her Chapter 7 Schedules and Statement of Financial Affairs, the Debtor now identified only $0.00 cash on hand (a reduction of $40,000.00 in less than two months) and $35,000.00 now in her retirement account (an increase of $35,000.00 in less than two months).

21. Upon information and belief, the Debtor transferred the Insurance Proceeds, after dismissing her Chapter 13 Case, into a retirement account and then filed her Chapter 7 petition to hinder and delay Signal's collection efforts against the Debtor in the State Court Case.

22. On December 4, 2015, Signal attended the Meeting of Creditors held at the Bankruptcy Court in Bakersfield, California. During the Meeting of Creditors, Signal again questioned the Debtor about, among other things, her Schedules and Statement of Financial Affairs and the Insurance Proceeds. The Debtor could not answer a number of questions asked

of her by Signal, particularly the whereabouts of the Insurance Proceeds, the depletion of $40,000.00 in cash and the source of $35,000 in funds that were transferred to her retirement account. Moreover, the Debtor gave answers that conflicted with the answers she gave during her Chapter 13 meeting of creditors.

23. On February 16, 2016, the state court granted Signal's Motion for Summary Judgment in favor of Signal in the amount of $41,119.89.

### COUNT I– FIRST CLAIM FOR RELIEF- EXCEPTION TO DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)

24. Signal incorporates by reference paragraphs 1-23, as though fully set forth herein.

25. Section 523(a)(2)(A) of the Bankruptcy Code prevents an individual debtor from receiving a discharge under section 727 of the Bankruptcy Code from any debt:

> for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained, by –
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> ***

11 U.S.C. § 523(a)(2)(A).

26. The obligation of the Debtor under the Contract and Assignment constituted a debt for services.

27. Pursuant to the Contract and Assignment, the Debtor assigned the Insurance Proceeds to Signal in exchange for Signal's work on the Project.

28. Without the Debtor's agreement to assign the Insurance Proceeds to Signal – assuring that Signal would be paid for the work it performed on the Project—Signal would not have agreed to perform the work.

29. The Debtor falsely and fraudulently took control of the Insurance Proceeds without the knowledge of Signal.

30. The Debtor fraudulently concealed her receipt of the Insurance Proceeds from Signal.

31. The Debtor's failure to disclose her receipt of the Insurance Proceeds was reasonably calculated to deceive Signal and made with the intent to deceive Signal.

32. By concealing her receipt of the Insurance Proceeds from Signal, Signal was deceived by the Debtor's actions.

33. As a result of the Debtor's fraudulent actions, Signal sustained damages in excess of $39,368.09.

34. The obligations owed by the Debtor to Signal, in an amount in excess of $39,368.09, is not dischargeable pursuant to section 523(a)(2)(A) of the Bankruptcy Code.

**COUNT II – SECOND CLAIM FOR RELIEF-EXCEPTION TO DISCHARGEABILITY UNDER 11 U.S.C. §523(a)(4)**

35. Signal incorporates by reference paragraphs 1-34, as though fully set forth herein.

36. Section 523(a)(4) of the Bankruptcy Code prevents an individual debtor from receiving a discharge under section 727 of the Bankruptcy Code from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny."

37. Pursuant to the Assignment, the Debtor knew that any Insurance Proceeds were the property of Signal.

38. By keeping the Insurance Proceeds for herself and not turning them over to Signal, the Debtor committed acts of embezzlement and/or larceny.

39. As a result of the Debtor's improper receipt and use of the Insurance Proceeds, Signal suffered damages in an amount in excess of $39,368.09.

40. The obligations owed by the Debtor to Signal, in an amount in excess of $39,368.09, are not dischargeable pursuant to section 523(a)(4) of the Bankruptcy Code.

### COUNT III-THIRD CLAIM FOR RELIEF-EXCEPTION TO DISCHARGEABILITY UNDER 11 U.S.C. §523(a)(6)

41. Signal incorporates by reference paragraphs 1-40, as though fully set forth herein.

42. Section 523(a)(6) of the Bankruptcy Code prevents an individual debtor from receiving a discharge under section 727 of the Bankruptcy Code from any debt:

> for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6).

43. The Debtor's conduct in: (a) obtaining and controlling the Insurance Proceeds; and (b) using the Insurance Proceeds for the benefit of the Debtor and to the detriment of Signal, constituted willful and malicious injury by the Debtor to Signal or to the property of Signal.

44. The obligation owed by the Debtor to Signal, in an amount in excess of $39,368.09, is not dischargeable pursuant to section 523(a)(6) of the Bankruptcy Code.

### COUNT IV-FOURTH CLAIM FOR RELIEF-OBJECTION TO DISCHARGE UNDER 11 U.S.C. §727(A)(4)

45. Signal incorporates by reference paragraphs 1-44, as though fully set forth herein.

46. 11 U.S.C. § 727(a)(4)(A) provides that a debtor will be denied a discharge if she "knowingly and fraudulently, in or in connection with the case . . . made a false oath or account."

47. Upon information and belief, Debtor knowingly listed the Insurance Proceeds as "cash on hand" in the Chapter 13 Case and then fraudulently transferred the Insurance Proceeds to her retirement account prior to filing her Chapter 7 case in order to hinder and defraud Signal.

48. Upon information and belief, Debtor lied under oath when she testified that the Insurance Proceeds were spent on living expenses.

49. Upon information and belief, Debtor may have made other false statements or omissions during the 341 meeting of creditors.

50. Upon information and belief, Debtor's false statements, testimony and omissions were knowingly made with fraudulent intent.

51. The false statements made by Debtor related to disposition of her assets and materially related to this bankruptcy case.

52. The Debtor should be denied her discharge under 11 U.S.C. § 727(a)(4).

## COUNT V- FIFTH CLAIM FOR RELIEF
## EXCEPTION TO DISCHARGE UNDER 11 U.S.C. § 727(a)(5)

53. Signal incorporates by reference each and every allegation set forth in Paragraphs 1-52.

54. 11 U.S.C. § 727(a)(5) provides that a debtor will not receive a discharge if "the debtor has failed to explain satisfactorily, before determination of denial of discharge . . . any loss of assets or deficiency of assets to meet the debtor's liabilities."

55. The Defendant has failed to satisfactorily explain the loss of the Insurance Proceeds and/or the source of the funds funding the retirement account identified in her Schedules.

56. The Debtor should be denied a discharge under 11 U.S.C. § 727(a)(5).

8

WHEREFORE, Signal respectfully requests as follows:

a. That this Court enter a judgment excepting the amounts owed by the Debtor to Signal from discharge in an amount in excess of $39,368.09, pursuant to 11 U.S.C. §523(a)(2)(A);

b. That this Court enter a judgment excepting the amounts owed by the Debtors to Signal from discharge in an amount in excess of $39,368.09, pursuant to 11 U.S.C. §523(a)(4);

c. That this Court enter a judgment excepting the amounts owed by the Debtors to Signal from discharge in an amount in excess of $39,368.09, pursuant to 11 U.S.C. §523(a)(6);

d. That this Court enter a judgment denying Defendant a discharge, pursuant to 11 U.S.C. § 727(a)(4).

e. That this Court enter a judgment denying Defendant a discharge, pursuant to 11 U.S.C. § 727(a)(5).

f. That Signal recover its attorneys' fees and costs of suit herein; and

g. Such other relief that this Court deems just and proper under the circumstances.

Respectfully submitted by:

/s/ David J. Harter
David J. Harter (No. 162426)
Law Offices of David J. Harter
A Professional Corporation
13681 Newport Ave., Suite 8-608
Tustin, CA 92780
(714) 731-2550
(714) 731-2595 fax
djh@djh-law.com

-and-

Jonathan C. Myers (MI Bar No. P69972)
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000

Dated: March 31, 2016     jmyers@jaffelaw.com

*Counsel to Signal Restoration West, LLC*

9